UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TODD FREUND, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-07-369 |
| § | |
| ASHLAND, INC., § | |
| § | |
| Defendant. § | |

## TEMPORARY RESTRAINING ORDER

On November 28, 2007, Defendant Ashland, Inc. filed an Application for Temporary Restraining Order. (D.E. 19.) On November 29, 2007, the Court conducted a phone conference on the matter with counsel for all parties. Counsel for Plaintiff Todd Freund represented that Freund is not currently, and has no intention of in the future, soliciting Ashland's customers or employees, or disclosing any of Ashland's confidential, proprietary or trade secret information. Based upon this representation, and for the reasons stated by the Court during the phone conference, it is hereby ORDERED that, pursuant to Federal Rule of Civil Procedure 65, the Application for Temporary Restraining Order is GRANTED under the conditions set forth below:

1. Freund shall not communicate with or solicit any person or entity who was a customer of Ashland at the time of the termination of Freund's employment with Ashland;

2. Freund shall not solicit or recruit, or assist in the solicitation or recruitment of, any person who worked for Ashland during the time of Freund's employment with Ashland;

3. Freund shall not disclose, communicate or otherwise share any Trade Secret (as that term is defined in the "Service Agreement" between Freund and Ashland, a copy of which is attached as Exhibit 1 to Freund's Complaint in the above-styled action) with any ChemTreat employee, representative or agent, unless that person is bound by any protective order which may be entered in this litigation in the future;

4. The Court finds that no bond is necessary for the issuance of this Order;

5. Neither this Order, nor any statement, ruling or finding contained herein, shall be used or construed as a ruling, finding or determination as to any future issue in this litigation, including but not limited to the validity or enforceability of the "Service Agreement" or any of its provisions, or the propriety of further preliminary or permanent injunctive relief;

6. Ashland is enjoined from using this Order, or any statement or ruling contained herein, in any present or future litigation as evidence (a) that ChemTreat has engaged in the type of conduct alleged in Ashland's pleadings, (b) that this Court has made any finding concerning the validity or enforceability of the "Service Agreement" or any of its provisions, or (c) that this Court has made any finding of any wrongdoing as alleged by Ashland;

7. This Temporary Restraining Order shall expire 10 days from the date this Order is filed, except that the injunction in the preceding paragraph shall continue to be in full force and effect.

Should Ashland continue to seek a preliminary injunction, Ashland must file a motion for preliminary injunction no later than December 7, 2007. If a motion for preliminary injunction is

filed, any response must be filed no later than December 14, 2007. If a motion for preliminary injunction is filed, the Court will conduct an evidentiary hearing on the motion on December 18, 2007 at 9:00 a.m., in the United States Courthouse, 1133 North Shoreline Boulevard, 3rd Floor Courtroom, 319-A, Corpus Christi, Texas.

SIGNED and ORDERED this 30th day of November, 2007.

_____
Janis Graham Jack
United States District Judge